UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CURTIS LUND,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>IZEN LOCATELLI, et al.,<br><br>　　　　　Respondents. | No.  2:21-cv-01831 KJM DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner argues he is entitled to habeas relief because: (1) favorable evidence was suppressed by the prosecution in violation of Brady v. Maryland; (2) petitioner was denied effective assistance of counsel; and (3) prosecutorial misconduct denied petitioner a fair trial.  (ECF No. 7 at 7, 10, 39.)  The current operative petition is the First Amended Petition ("FAP") filed on November 4, 2021.  (ECF No. 7.)

　　　　Presently before the court is petitioner's motion for stay.  (ECF No. 3.)  Therein, petitioner seeks a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), while petitioner seeks to exhaust unexhausted claims in state court.  (Id.)  By order dated May 27, 2022, the undersigned directed the respondents to file a response to petitioner's motion for stay.  (ECF No. 10.)  Respondents filed an opposition on July 25, 2022.  (ECF No. 15.)  Petitioner filed a reply to the opposition on August 1, 2022.  (ECF No. 18.)

////

1

For the reasons set forth below, the undersigned will recommend that the motion for stay be granted.

### I.      Legal Standards

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).  Historically, federal courts dismissed mixed petitions.  See Rose, 455 U.S. at 522; Rhines, 544 U.S. at 274.  In 2005, the Supreme Court considered the propriety of staying a mixed petition.  In Rhines, the Supreme Court held that stay and abeyance of a mixed petition is available in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his claims in first in state court." 544 U.S. at 277.  Even if a court finds good cause, however, a stay is inappropriate if the unexhausted claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or intentional delay.  Id. at 278.  Under Rhines, then, a federal court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

What constitutes "good cause" is not clearly defined in Rhines.  The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277.

In 2008, the Ninth Circuit warned that the good cause standard should not be so easy to meet that it renders "stay-and-abey orders routine" and runs "afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal.  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable

component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). The court also retreated from the implication in Wooten that an excuse that is a common occurrence could not constitute good cause. The court in Blake held that good cause should not be measured by "how often the type of good cause [the petitioner] asserted could be raised." Id. at 981.

## II. Analysis

Petitioner raises three categories of claims that he wishes to return to state court to exhaust. These are: (1) that favorable evidence was suppressed by the prosecution in violation of Brady v. Maryland; (2) that petitioner was denied effective assistance of counsel at trial; and (3) that petitioner was denied a fair trial due to prosecutorial misconduct. (ECF No. 7 at 7, 10, 39.)

In their opposition, respondents noted that petitioner did raise claims related to Brady and prosecutorial misconduct in his previously filed state post-conviction actions. (ECF No. 15 at 7, 14; ECF No. 18 at 5-6, 8.) Petitioner and respondents spend a considerable portion of their filings on this motion discussing whether the Brady claims should be considered exhausted or unexhausted and whether post-conviction counsel raising only a portion of possible prosecutorial conduct claims could be considered ineffective. The court need not reach these arguments.

For the court to grant a stay under Rhines, petitioner only needs to show that he has a single unexhausted claim that is not plainly meritless. Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017). To this end, it appears uncontested by both parties that petitioner's ineffective assistance of trial counsel claims are unexhausted. (ECF No. 15 at 7.) ("Petitioner raises numerous unexhausted claims of ineffective assistance ("IAC") of Colin Cooper, trial counsel from petitioner's second trial.") As discussed below, it appears there exists good cause for the failure to exhaust these claims. Additionally, they appear potentially meritorious and there is no indication petitioner engaged in dilatory tactics. As such, the requirements for a Rhines stay are met by petitioner's unexhausted ineffective assistance of counsel claims. Thus, it is not necessary to reach the issues as to petitioner's other claims as only one potentially meritorious claim is necessary for the court to grant a stay under Rhines. Dixon, 847 F.3d at 722.

1    The court will turn now to its analysis of petitioner's ineffective assistance of counsel
2    claim under the standard for a Rhines stay.

3    **A. Good Cause**

4    Petitioner argues that good cause exists as he failed to properly exhaust his ineffective
5    assistance of trial counsel claims due to ineffective assistance of post-conviction counsel.  (ECF
6    No. 3 at 7.)  Petitioner claims that post-conviction counsel did not raise these claims despite
7    petitioner, through his wife, providing post-conviction counsel "with extensive facts, evidence,
8    and law demonstrating trial counsel's ineffectiveness."  (Id. at 10-11.)  Respondents argue that
9    post-conviction counsel made a strategic decision to not include the ineffective assistance of trial
10   counsel claims.  (ECF No. 15 at 8.)  To this end, respondents discuss a number of the alleged
11   instances of ineffective assistance of trial counsel and argue that post-conviction counsel acted
12   reasonably by not including them in petitioner's state habeas petition.  (Id. at 8-14.)  Respondents
13   also argue that the post-conviction counsel's failure to include these claims should be presumed
14   to be a strategic decision on the grounds that petitioner did not provide a declaration or statement
15   from post-conviction counsel.  (Id. at 7.)

16   Petitioner claims he failed to exhaust because post-conviction counsel despite counsel
17   being informed by petitioner of the factual and legal basis for such claims.  (ECF No. 3 at 7.)
18   Petitioner provides a list of alleged failures of trial counsel which are further discussed in the
19   FAP.  (Id. at 7-8; See ECF No. 7 at 10-39.)  These claims include, but are not limited to, that trial
20   counsel failed to: subpoena and review important evidence (ECF No. 7 at 10-12, 14-17), retain
21   previously consulted expert witnesses (Id. at 12), call helpful witnesses (Id. at 18-24), and object
22   at various points during trial (Id. at 24-33).  The FAP also includes detailed arguments as to why
23   trial counsel conduct was deficient.  (See ECF No. 7 at 10-39.)  These arguments are supported
24   by numerous citations to the state court record that purportedly show trial counsel's
25   ////
26   ////
27   ////
28   ////

ineffectiveness.[1] (See ECF No. 7 at 10-39.) Petitioner attaches a declaration from his wife and current counsel stating that she informed post-conviction counsel of the factual and legal grounds for these claims prior to the state habeas being filed. (ECF No. 3 at 10-11; See ECF No. 7 at 64-69.)

Petitioner has presented good cause for his failure to exhaust these claims. While a bald assertion cannot amount to a showing of good cause, petitioner need only provide "a reasonable excuse, supported by sufficient evidence, to justify [the] failure [to exhaust]." Blake, 745 F.3d at 982. It is not necessary for petitioner to prove that post-conviction counsel was ineffective in order to establish good cause. See Harris v. Davis, No. 1:16-cv-01572-DAD, 2020 WL 3640069, at *3 (E.D. Cal. Jul. 6, 2020).

Petitioner's claims pass well above the "bare allegation" of ineffective assistance of counsel. Blake, 745 F.3d at 983. As presented, petitioner has made numerous allegations as to trial counsel's ineffectiveness supported by evidence from the state record. (See ECF No. 7 at 10-39.) Petitioner has also included evidence in the form of a declaration that post-conviction counsel was aware of these claims prior to filing petitioner's state habeas petition. (See ECF No. 7 at 64-67.) This evidence is sufficient to establish a reasonable excuse for petitioner's failure to exhaust. Id.

In their opposition, respondents argue that several of petitioner's claims of ineffective trial counsel were likely "culled in a strategic decision to focus on stronger facts and claims" by post-conviction counsel. (ECF No. 15 at 8.) Respondents address many of petitioner's individual claims in an effort to prove these claims were not included by post-conviction counsel because they were "too unsupported and conclusory." (ECF No. 15 at 8-14.) Respondents' opinion about the strength of these claims is, at best, weak evidence that post-conviction counsel made a

---

[1] In his opposition, petitioner notes that he has additional evidence of trial counsel's ineffectiveness that is outside the state court record but that he did not include that evidence given that it was not in the record and thus could not be considered by the court. (ECF No. 18 at 7.) Petitioner requests leave to present this evidence "if the Court believes it may consider this evidence for the limited purpose of evaluating a Rhines stay[.]" (Id.) As the undersigned will recommend that a stay be granted in this case, it is not necessary to reach the issue of whether the court could properly review this evidence.

1 strategic decision to not include them.  There is no additional evidence to show that this may have
2 been a strategic decision.  Absent more concrete proof, the court has no basis to find that this was
3 a strategic decision.  See Tobin v. Davis, No. 1:18-cv-01375-NONE-SAB, 2021 WL 5359680, *6
4 (E.D. Cal. Nov. 17, 2021) ("Respondent's mere surmise, that post-conviction counsel must have
5 been tactically motivated…is not alone a basis upon which to find otherwise" (citation omitted)).
6 Similarly, without additional evidence, post-conviction counsel's failure to include these claims
7 cannot be presumed to be a strategic decision simply because petitioner did not include a
8 declaration from post-conviction counsel.  See Id. at *6 (E.D. Cal. Nov. 17, 2021) ("The absence
9 of a declaration by, or testimony from state habeas counsel attesting to the lack of post-conviction
10 tactics in failing to raise the noted unexhausted Claims, is not alone suggestive of a reasonable
11 post-conviction strategy." (citing Davis v. Davis, No. C-13-0408 EMC, 2015 WL 4512309, at *4
12 (N.D. Cal. July 24, 2015)).

Given the above, petitioner has presented a reasonable excuse for his failure to exhaust the ineffective assistance of trial counsel claims.  As such, petitioner has shown good cause sufficient to satisfy the first prong under Rhines.

### B.  Claims are Potentially Meritorious

The second Rhines factor is whether an unexhausted claim is potentially meritorious.  Respondents claim that if petitioner were to return to state court, he would be barred from filing a state habeas petition due to the fact that petitioner is no longer in custody.  (ECF No. 15 at 15-16.)  Respondents argue that the court should find that petitioner's claims lack merit as petitioner would be barred from presenting them.  (Id.)

The undersigned declines to find that petitioner's claims are meritless because petitioner would be barred from presenting those facts.  To make such a determination would inherently require that this court decide how the state courts would rule if petitioner were to return to that court.  Whether find petitioner is barred from bringing a state habeas petition is a question for the state court.  For this court to make that decision on behalf of the state court would run counter to the principles of comity and federalism.  See Wright v. LeGrand, No. 3:12–CV–00286–MMD–VPC, 2014 WL 3428487, at *11 (D. Nev. Jul. 10, 2014) (finding that a Rhines stay furthered the

interest of comity and federalism by giving state courts the "first opportunity to possibly apply state procedural bars or potentially consider the merits" of a claim).

Petitioner also argues that he has other avenues for relief in state court. (ECF No. 18 at 11) ("Additionally available are the writ of coram nobis/vobis, a motion to recall the remittitur under Cal. R. Ct. 8.272(c)(2), and/or motion to vacate the judgment under Cal. Pen. Code § 1473.6"). Such proceedings could, in theory, provide an avenue for exhaustion of petitioner's claims. 28 U.S.C. § 2254(c); See Campbell v. Crist, 647 F.2d 956 (9th Cir. 1981) ("If the petitioner's claim was not presented to the state courts on direct appeal, state collateral remedies must be exhausted.") (citations omitted); See also Alcorn v. Gladden, 286 F.2d 689, 690 (9th Cir. 1961). As with above, the court will not decide whether the state court will find such remedies are unavailable to the petitioner.

Moving beyond these arguments, petitioner's ineffective assistance of trial counsel claims appear to be sufficiently meritorious to justify a stay under Rhines. Petitioner need only show that one of his unexhausted claims is not "plainly meritless." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017). A claim meets this standard unless "'it is perfectly clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)). While the court will not make an assessment of the merits of petitioner's claims, preliminary review indicates petitioner's claims are certainly "colorable" and not "hopeless." See Cruz v. Mitchell, No. 13-cv-2792-JST, 2015 WL 78779 at *3, (N.D. Cal. Jan. 5, 2015) (petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous;" and they are "well-supported by specific averments and numerous exhibits" and by legal authority). Therefore, the undersigned finds that petitioner has satisfied the second prong set forth in Rhines.[2]

### C. No Dilatory Tactics

The motion for stay was filed six days after the initial petition was filed with the court. (ECF Nos. 1, 3.) Petitioner's counsel also diligently identified whether various claims in the

---

[2] In reaching this finding, the court makes no guarantees that state courts will not find that petitioner's claims are procedural barred or untimely.

7

petition had and had not been exhausted.  (See ECF No. 1, 7.)  Respondents have not raised any argument suggesting that petitioner has acted without diligence.  (See ECF No. 15.)  Thus, there is nothing in the record to indicate that petitioner has engaged in dilatory tactics.

Accordingly, petitioner has satisfied all three prongs of Rhines.  However, the court will not hold the petition in abeyance indefinitely.  See Rhines, 544 U.S. at 277.  In the event these findings and recommendations are adopted by the district court, petitioner will be instructed to file a status report every sixty (60) days informing the court of his state habeas proceedings.  Petitioner will also be required to file a motion to lift the stay within thirty (30) days of final action by the state courts.

**III.   Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that the briefing schedule in this case is vacated.  The undersigned will set a new deadline for filing a response to the petition in due course.

Additionally, IT IS HEREBY RECOMMENDED that petitioner's motion for stay (ECF No. 3) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 15, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/S/lund1831.stay fr

8