1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ERIC CURTIS LUND,                          No.  2:21-cv-1831-DJC-SCR

11                   Petitioner,

12        v.                                    ORDER AND

13   IZEN LOCATELLI, et al.,                    FINDINGS & RECOMMENDATIONS

14                   Respondents.

15

16         Petitioner is proceeding through counsel in this habeas corpus action pursuant to 28

17   U.S.C. § 2254.  On June 7, 2024, respondents filed a partial motion to dismiss the operative third

18   amended § 2254 petition.  ECF No. 39.  The motion has been fully briefed by the parties.  ECF

19   Nos. 42, 44.  For the reasons explained in further detail below, the undersigned recommends

20   granting the motion in part and denying it in part.

21   **I.       Factual and Procedural History**

22         Petitioner's amended habeas corpus petition challenges his 2019 conviction for possession

23   of over 600 images of child pornography in violation of California Penal Code § 311.11(c)(1)

24   following a jury trial in the Solano County Superior Court.[1]  Petitioner was sentenced to 5 years

25   in prison followed by supervised release and lifetime sex offender registration.  He was released

26   from prison on October 10, 2020 and completed supervised release on October 15, 2021.

27   _____

28   [1]  Petitioner's first trial ended in a mistrial due to a hung jury.

1    **A.  Direct Appeal and First Round of State Collateral Review**

2              Petitioner appealed his conviction to the California Court of Appeal, which affirmed it on

3    June 1, 2021 in a published decision.  ECF No. 16-23.  During the pendency of his direct appeal,

4    petitioner filed his first state habeas petition in the California Court of Appeal on January 11,

5    2021.  This habeas petition was filed by petitioner's retained appellate counsel.  By separate order

6    also filed on June 1, 2021, the California Court of Appeal denied petitioner's habeas application.

7    ECF No. 16-27.

8              Petitioner submitted two separate petitions for review in the California Supreme Court

9    challenging the denial of his direct appeal as well as habeas relief.  See ECF Nos. 16-24, 16-28.

10   The California Supreme Court denied the petition for review of the habeas denial in an

11   unreasoned decision on August 11, 2021.  ECF No. 16-29.  The petition for review of the direct

12   appeal decision was denied on August 18, 2021.  ECF No. 16-24 at 132 (Docket Sheet).

13   **B.  Federal Habeas Proceedings**

14             Petitioner commenced the instant federal habeas action on October 4, 2021 while still in

15   constructive state custody.  ECF No. 1.  Contemporaneously with that filing, petitioner requested

16   a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  ECF No. 3.

17             By stipulation of the parties and by order entered on November 15, 2022, petitioner was

18   granted leave to file a second amended habeas application.  ECF No. 24.  The court granted

19   petitioner's motion for a stay and abeyance of the second amended petition pursuant to Rhines on

20   March 31, 2023.  ECF No. 26.

21   **C.  Second Round of State Collateral Review**

22             On April 3, 2023, petitioner submitted a second state habeas corpus application in the

23   California Supreme Court.  ECF No. 36-1.  That habeas application was denied on September 20,

24   2023 with a citation to People v. Villa, 45 Cal.4th 1063, 1066 (2009), because petitioner was no

25   longer in custody.  ECF No. 36-11.

26             This court lifted the stay of this action by order entered on March 25, 2024.  ECF No. 35.

27   In compliance with this order, petitioner filed the operative third amended habeas petition on

28   April 8, 2024.  ECF No. 37.  The third amended § 2254 alleges that the prosecution suppressed

material evidence of actual innocence; trial counsel was ineffective in numerous ways; there was pervasive prosecutorial misconduct during trial; appellate counsel was ineffective; false evidence was presented at trial; and, petitioner is entitled to relief based on cumulative error.  ECF No. 37.

## II.      Motion to Dismiss

On June 7th, 2024, respondents filed a partial motion to dismiss the third amended petition, arguing that certain claims are procedurally barred and other claims are untimely.  ECF No. 39.  With respect to procedural bar, respondents submit that the California Supreme Court's reliance on the custody requirement articulated in People v. Villa, 45 Cal.4th at 1066, is both independent of federal law and adequate to bar review of the claims raised in petitioner's second state habeas petition, including all of petitioner's ineffective assistance of trial and appellate counsel claims as well as the claim that false evidence was presented at trial.  ECF No. 39 at 9-11. To the extent that petitioner's Brady/Schlup claim relies on new factual allegations raised for the first time, these allegations are also barred from review.  ECF No. 39 at 11, n. 4.  Respondents provide evidence that the California Supreme Court has invoked the Villa rule over 200 times since its inception in 2009.  ECF No. 39-1.

Respondents also submit that the prosecutorial misconduct claim based on the questioning of Officer Duplissey is procedurally barred from review on the merits because the California Court of Appeal found this subclaim forfeited due to the lack of a contemporaneous objection at trial.  ECF No. 39 at 11.  Respondents argue that California's contemporaneous objection rule has been found to be independent of federal law and adequate to bar habeas review on the merits. ECF No. 39 at 11.

According to respondents, petitioner has not met his burden of demonstrating adequate cause and prejudice to reach the merits of these procedurally defaulted claims.  ECF No. 39 at 13-15.  Petitioner's "[f]irst habeas counsel's alleged omissions were not the proximate cause of petitioner's procedural default in state court" and do not provide a basis to excuse the procedural default.  ECF No. 39 at 15.

Respondents additionally contend that some of the claims raised for the first time in petitioner's third amended habeas petition are untimely because the statute of limitations expired

3

1    on **November 16, 2022**.  ECF No. 39 at 16.  Petitioner's second round of state habeas review

2    pending between April 3, 2023 and September 13, 2023 did not statutorily toll the limitations

3    period because it had already expired.  ECF No. 39 at 16 (citing <u>Ferguson v. Palmateer</u>, 321 F.3d

4    820, 823 (9th Cir. 2003)).  As a result, several of the ineffective assistance of trial counsel and

5    prosecutorial misconduct claims raised in the third amended habeas petition are time barred and

6    should be dismissed with prejudice, according to respondents.  ECF No. 39 at 17-18 (listing

7    claims).

8            In his opposition, petitioner argues that "when the Supreme Court of California denied

9    Lund's Second Petition for Writ of Habeas Corpus with citation to <u>Villa</u>, the Court was merely

10   stating that it did not have jurisdiction to provide Lund relief.  It was not, as respondents argue, a

11   statement that petitioner engaged in some abuse of the writ that should now cause the claims to be

12   procedurally defaulted in this federal court."  ECF No. 40 at 6.  In the alternative, petitioner

13   submits that the <u>Villa</u> rule is neither independent of federal law nor adequate to bar federal habeas

14   review.  ECF No. 40 at 7-10.  Specifically, petitioner asserts that <u>Villa</u> has been "infrequently" or

15   "possibly never" applied in a similar situation and that the California Supreme Court's

16   determination that petitioner was not in constructive custody for habeas purposes was an

17   "unexpected" and "freakish" decision.  ECF No. 40 at 9-10.  Petitioner further contends that he

18   has established cause and prejudice to excuse any default simply because the California Supreme

19   Court only applied a jurisdictional bar and not any other form of state procedural bar like

20   untimeliness or successiveness to petitioner's second state habeas petition.  ECF No. 40 at 13.  He

21   also asserts that his default should be excused based on the ineffectiveness of his first state habeas

22   counsel.  ECF No. 40 at 16.  Lastly, petitioner asserts that a fundamental miscarriage of justice

23   will result if his claims are procedurally barred because he is actually innocent.  ECF No. 40 at

24   18.

25           In response to the procedural bar based on the contemporaneous objection rule, petitioner

26   submits that the state court's use of it was ambiguous because it also addressed the claim on the

27   merits.  ECF No. 40 at 19 (citing <u>Harris v. Reed</u>, 489 U.S. 255 (1989)).  Moreover, petitioner has

28   ////

4

1    demonstrated adequate cause and prejudice to excuse any purported procedural default.  ECF No.
2    40 at 20.

3         Regarding the timeliness of the new claims in the third amended habeas application,
4    petitioner asserts that they all relate back to earlier timely filed claims in the instant habeas action
5    or a related 42 U.S.C. § 1983 civil rights lawsuit filed in this court.  ECF No. 40 at 20-24.

6         By way of reply, respondents describe petitioner's argument that the <u>Villa</u> decision is a
7    jurisdictional requirement instead of a procedural bar as a "distinction without a difference."  ECF
8    No. 44 at 6.  "Strictly speaking, the question is not whether California's custody requirement is a
9    'procedural' bar or rule, but instead whether the requirement is 'independent of the federal
10   question and adequate to support the judgment.'"  ECF No. 44 at 6 (quoting <u>Coleman v.</u>
11   <u>Thompson</u>, 501 U.S. 722, 729 (1991)).  Petitioner's divination of other procedural bars that the
12   California Supreme Court did not rely on to deny his third state habeas petition does not render
13   the <u>Villa</u> custody requirement any less meaningful as a practical matter.  <u>Id</u>. at 8.  Similarly,
14   petitioner's argument that the <u>Villa</u> requirement is not independent of federal law is not supported
15   by any case law.  ECF No. 44 at 9.  The California and federal custody definitions are separate
16   requirements for separate courts and do not necessarily coincide, as evidenced by petitioner's
17   circumstances.  <u>Id</u>. (citing <u>Lee v. Harris</u>, 226 F.Supp. 3d 992, 997-998 (N.D. Cal. 2016) (finding
18   that petitioner was not in custody for purposes of California's custody requirement, but in custody
19   for federal habeas purposes)).  The adequacy of the <u>Villa</u> custody requirement is established by its
20   existence for decades before the denial of petitioner's third habeas application, its repeated
21   reaffirmance by the California courts, and its codification in California Penal Code § 1473 .  ECF
22   No. 44 at 10.

23        With regard to cause and prejudice to excuse the state procedural bar based on <u>Villa</u>,
24   respondents emphasize that petitioner once again cites no California law adopting the cause and
25   prejudice standard in this context, or incorporating the doctrine as a prerequisite to finding a bar
26   applies in the first instance.  ECF No. 44 at 11.  More importantly, respondents point out that
27   petitioner does not even attempt to explain why his prior habeas counsel did not raise his claims
28   earlier.  According to respondents, "[p]rior habeas counsel could have had sundry reasons for not

5

presenting the new claims, including the reasonable belief that culling the vast number of claims petitioner proposes here was necessary…." Id. at 15.  Thus, any asserted ineffective assistance of petitioner's first habeas counsel to excuse petitioner's procedural default is unavailing.  Petitioner waited almost two years to present a myriad of new ineffective assistance of counsel claims in his second state habeas petition, despite being represented by current counsel and despite being trained as an attorney himself.  ECF No. 44 at 15.  As a result, respondents submit that petitioner has failed to show cause or prejudice to excuse his procedural default.  To the extent that petitioner asserts a fundamental miscarriage of justice will result if his procedurally defaulted claims are not reviewed on the merits, petitioner's argument equates to legal innocence that does not meet the Schlup actual innocence standard articulated by the Supreme Court to excuse a procedural default.  Id. at 16.

With regard to petitioner's procedural default based on the contemporaneous objection rule, respondents emphasize that "a state court's alternative consideration of a claim on the merits does not invalidate the court's application of a procedural bar."  ECF No. 44 at 16-17 (citations omitted).  Therefore, petitioner's claim that the prosecutor engaged in misconduct by testifying as a witness when examining Officer Duplissey is procedurally defaulted and should be dismissed. Id. at 17.

Respondents reply to each of petitioner's arguments that his newly presented claims are not untimely because they relate back to claims in the timely filed second amended § 2254 petition.  ECF No. 44 at 17-20.  Respondents withdraw their timeliness challenge to the IAC claim based on the failure to introduce an explanation for the lack of dispatch data pertaining to petitioner.  See ECF No. 37 at 29, ¶ 88.  Respondents also assert that the relation back doctrine only applies to a previously submitted habeas corpus petitions and not the separate civil rights action that petitioner filed.  ECF No. 44 at 18-19.

### III.    Petitioner's Requests for Judicial Notice

Contemporaneously with the filing of the third amended § 2254 application, petitioner submitted a request for judicial notice pursuant to Rule 201(b) of the Federal Rules of Evidence. ECF No. 38.  In the request, petitioner asks the court to take judicial notice of all of the state court

1   records which the California Supreme Court judicially noticed when denying petitioner's second

2   state habeas corpus application.  See ECF Nos. 36-4; 36-5; 36-6; 36-7; 36-8; 36-9; 36-10.  The

3   request also seeks to take judicial notice of California Highway Patrol's responses to petitioner's

4   state public records requests.  ECF Nos. 36-9 at 53-58 (Exhibits 23 and 24 to Petitioner's Motion

5   for Judicial Notice filed in the California Supreme Court); see also ECF No. 36-11 (denying

6   request for judicial notice of these documents).  In addition, petitioner requests the court take

7   judicial notice of a California jury instruction on consciousness of guilt and a Reporter's

8   Transcript of a pretrial hearing on March 1, 2017.  ECF No. 38 at 6-37.

9        In a second request, petitioner asks the court to take judicial notice of a public

10   admonishment, issued on May 23, 2024, of the trial judge who presided over his trial for conduct

11   that occurred in two different criminal hearings.  ECF No. 41.  According to petitioner, this

12   evidence is relevant to his IAC claim for withdrawing previous trial counsel's pending motion to

13   disqualify the trial judge for bias.  Petitioner asserts that this public admonishment demonstrates

14   that the trial judge "had a habit of engaging in conduct that gave the appearance of bias and

15   aligning himself with the prosecution against criminal defendants."  ECF No. 41 at 4.

16       Respondents filed an opposition to the second request for judicial notice because the

17   public admonishment of petitioner's trial judge in a subsequent unrelated case is not at issue in

18   the present habeas corpus proceeding.  ECF No. 42.  Respondents further argue that petitioner

19   provides no authority allowing judicial notice to demonstrate a trial judge's propensity for

20   misconduct or "suggesting that evidence of subsequent misconduct by a jurist is relevant to show

21   misconduct in a previous, unrelated matter."  ECF No. 42 at 2.

22   **IV.    Legal Standards**

23   **A.  Procedural Default**

24       The procedural default doctrine forecloses federal review of a state prisoner's federal

25   habeas claims if those claims were defaulted in state court pursuant to an independent and

26   adequate state procedural rule.  See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

27   Generally, "federal habeas relief will be unavailable when (1) 'a state court [has] declined to

28   address a prisoner's federal claims because the prisoner had failed to meet a state procedural

requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman, 501 U.S. at 729-30). A state procedural rule is "adequate" only if it is clear, consistently applied, and well established at the time of petitioner's default. See Walker, 562 U.S. at 316; Calderon v. United States Dist. Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996). The respondent bears the burden of proof with respect to the "adequacy" of a state procedural bar. Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003). "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989). Furthermore, a federal habeas court may still consider the merits of an otherwise procedurally defaulted claim if the petitioner successfully makes a showing of "cause" and "prejudice" or that a fundamental miscarriage of justice will results. See Martinez v. Ryan, 566 U.S. 1, 10-11 (2012); Coleman, 501 U.S. at 750.

**B. Statute of Limitations**

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). The tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the

1    limitations period once it has expired (i.e., restart the clock to zero).  Thus, a state court habeas

2    petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations

3    period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003);

4    Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

5         Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading

6    relates back to the date of the original pleading when "the claim or defense asserted in the

7    amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be

8    set forth in the original pleading."  This rule applies in habeas corpus proceedings.  See Mayle v.

9    Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).  In

10   Mayle, the Supreme Court held that relation back is appropriate if the claim to be amended into

11   the petition is tied to the original timely petition by "a common core of operative facts."  Mayle,

12   545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new ground for

13   relief supported by facts that differ in both "time and type" from those the original pleading set

14   forth.  Id. at 650.

15   **V.    Analysis**

16        **A.  Requests for Judicial Notice**

17        Petitioner's first request for judicial notice is based, in large part, on exhibits submitted

18   with petitioner's second state habeas petition filed in the California Supreme Court.  However,

19   the California Supreme Court denied this habeas petition on procedural grounds and did not reach

20   the merits.  Since Cullen v. Pinholster, 563 U.S. 170 (2011), limits this court's habeas review to

21   evidence that was considered by the state court when the claims were adjudicated on the merits,

22   petitioner's request for judicial notice must be denied.  Pinholster, 563 U.S. at 182 (emphasizing

23   that "the record under review is limited to the record in existence at that same time i.e., the record

24   before the state court").  This court cannot consider this evidence for the first time on federal

25   habeas review.  To the extent that petitioner's request seeks judicial notice of a California jury

26   instruction and a Reporter's Transcript of proceedings in petitioner's trial, judicial notice of these

27   documents is not necessary.  Petitioner can supplement the state court record in this case with the

28   transcript from the pretrial hearing if it is relevant for consideration of the merits of any claim for

9

1 relief. Any jury instructions requested by counsel or given by the trial court are already included

2 in the lodged Clerk's Transcripts in this case. Therefore, judicial notice of those documents is not

3 necessary. For all these reasons, the court denies petitioner's first request for judicial notice.

4 ECF No. 38.

5        With respect to the second request for judicial notice, the trial judge's misconduct in

6 subsequent and unrelated criminal cases is not relevant in this federal habeas proceeding. ECF

7 No. 41. For this reason, the court denies petitioner's second request for judicial notice.

8        **B. Procedural Default**

9           **1. <u>Villa</u> Bar**

10        This case demonstrates the problems that are created when a federal habeas petitioner

11 litigates his challenges to his state court conviction seriatim. AEDPA created new procedural

12 rules governing federal habeas petitions, including a one year statute of limitations, that were

13 designed to expedite and streamline federal court review of state criminal convictions. In this

14 case, petitioner pursued multiple rounds of state collateral review. By the time he filed his second

15 state habeas petition, he had been released from prison and discharged from post-release

16 community supervision ("PRCS"). As a result, the California Supreme Court denied his habeas

17 petition, citing to <u>People v. Villa</u>, 45 Cal.4th 1063 (2009). The clear and express citation to <u>Villa</u>

18 signified that the California Supreme Court determined that petitioner was precluded from relief

19 based on California Penal Code § 1473(a) since he was no longer in any form of custody due to

20 the conviction he was challenging. See <u>Harris</u>, 489 U.S. at 263 (state procedural bar must be

21 "clearly and expressly" applied by the state court). The undersigned finds that respondents have

22 met their initial burden of citing to the state procedural bar that was relied upon by the California

23 Supreme Court to deny habeas relief, and demonstrating the adequacy of this state procedural bar.

24 <u>See</u> ECF No. 39-1; <u>see also</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665–66 (9th Cir. 2005)

25 (explaining that "the state has the burden of showing that the default constitutes an adequate and

26 independent ground"). This court further finds that the <u>Villa</u> decision is independent of federal

27 law since it was based on an interpretation of California Penal Code § 1473(a). Petitioner's

28 argument to the contrary is simply untenable and is rejected by the court. See <u>Lee v. Harris</u>, 226

F.Supp.3d 992, 997-98 (N.D. Cal. 2016).  Moreover, the California Supreme Court has regularly and consistently applied the Villa rule such that the court finds that it is adequate to support the state court judgment.  Therefore, all of petitioner's ineffective assistance of trial counsel claims, the ineffective assistance of appellate counsel claim, the due process claims based on the presentation of false evidence, and the cumulative error claim based on these issues are now procedurally defaulted and should be dismissed from the third amended § 2254 petition.

Respondent's motion to dismiss also points out that petitioner's third amended petition raises an entirely new ineffective assistance of counsel claim that remains unexhausted in state court.  ECF No. 39 at 10 n. 3; see ECF No. 37 at 42 (failure to challenge the probable cause for the Warrant E).  Petitioner does not contest this anywhere in his opposition to the motion to dismiss.  The undersigned finds that this IAC claim is technically exhausted but procedurally defaulted based on the implied state law bar of Villa since petitioner remains out of custody and would not be able to return to state court at this juncture to seek relief on it.  See Coleman, 501 U.S. at 732 (explaining that "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); Hurles v. Ryan, 752 F.3d 768, 779-780 (9th Cir. 2014) (finding IAC claims procedurally defaulted where the Arizona Supreme Court would deem them waived as a matter of state law if petitioner returned to exhaust his state court remedies).  Therefore, the court finds that this IAC subclaim is also procedurally defaulted and should be dismissed with prejudice.

## 2. Contemporaneous Objection Bar

One of the subclaims alleged in petitioner's prosecutorial misconduct claim was denied on direct appeal based on California's contemporaneous objection rule.  The California Court of Appeal found that "[b]ecause Lund neither objected to the prosecutor's line of questioning on the ground he now raises nor requested an admonition, he has forfeited this argument."  ECF No. 16-23 at 47 (direct appeal opinion).  The Court of Appeal alternatively concluded that the claim failed on the merits "because the prosecutor's questions of Duplissey about interactions she had with him are not equivalent to her appearing as a witness."  ECF No. 16-23 at 48.  The state court's alternative ruling on the merits does not vitiate the procedural bar based on petitioner's

1    lack of a contemporaneous objection.  See Harris, 489 U.S. at 264 n. 10; see also Fauber v. Davis,

2    43 F.4th 987, 1002 (9th Cir. 2022) (finding prosecutorial misconduct claim procedurally

3    defaulted on federal habeas review based on the California Supreme Court's rejection of the

4    claim based on the failure to raise a contemporaneous objection in the trial court notwithstanding

5    the California Supreme Court's alternative ruling on the merits of the claim).  Moreover,

6    California's rule requiring a contemporaneous objection to preserve issues for appeal has been

7    deemed to be independent and adequate to bar federal review of constitutional claims.  See

8    Fairbank v. Ayers, 650 F.3d 1243, 1256-57 (9th Cir. 2011) (finding that California's

9    contemporaneous objection rule was independent and adequate to bar federal review when a

10   defense attorney failed to object to alleged prosecutorial misconduct).  Respondents have

11   therefore met their burden of proving a state court rule barring review of this prosecutorial

12   misconduct claim.  See Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003) (adopting a

13   burden shifting approach to reviewing procedural default issues).  Petitioner does not challenge

14   the independence or adequacy of California's contemporaneous objection rule.  Accordingly, this

15   court finds that petitioner's prosecutorial misconduct subclaim based on the prosecutor's

16   questions to Officer Duplissey is procedurally defaulted based on California's contemporaneous

17   objection rule.  See ECF No. 37 at 57, ¶ 140(a).

18           **C.  Cause and Prejudice to Excuse Procedural Default**

19           To excuse these procedural defaults, petitioner asserts that his first state habeas counsel

20   was ineffective for not raising these claims.[2]  In Martinez v. Ryan, 566 U.S. 1, 5 (2012), the

21   Supreme Court concluded that "a federal habeas court may excuse a procedural default of an

22   ineffective-assistance claim when the claim was not properly presented in state court due to an

23   attorney's errors in an initial-review collateral proceeding."

24           On the record in this case, the undersigned finds that the IAC of post-conviction counsel

25   was not the cause of petitioner's failure to file his second state habeas petition while he was still

26

27   [2]  Petitioner's argument that this court is required to accept the California Supreme Court's
     implicit ruling that he had presented adequate cause and prejudice to excuse any additional state
     procedural bar besides the custody requirement is not supported in law or logic.  This argument is
28   categorically rejected as unsound and will not be discussed in further detail.

1  in custody.  See Wainwright v. Sykes, 433 U.S. 72 (1977) (adopting the cause and prejudice

2  standard to excuse the procedural default of a federal habeas claim).  Current counsel faults first

3  state habeas counsel for not including all the IAC claims, even though the facts supporting them

4  were available in 2021.  However, there was more than a two year delay between the filing of

5  petitioner's first and second state habeas petitions in this case.  Petitioner does not explain this

6  delay in any of his filings.[3]  "[T]he existence of cause for a procedural default must ordinarily

7  turn on whether the prisoner can show that some objective factor external to the defense impeded

8  counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478,

9  489 (1986).  Here, petitioner points to no objective external factor that prevented him from filing

10  his second state habeas petition while he was still in custody.  As a result, the undersigned finds

11  that the IAC of first state habeas counsel does not excuse the default in this case.  See Lee, 226

12  F.Supp.3d at 999 (rejecting petitioner's argument for cause to excuse procedural default where

13  petitioner "did not make a state filing for a writ of habeas corpus until more than two years

14  later….").  For this reason, the court concludes that petitioner has not demonstrated adequate

15  cause to excuse his procedural default.

16       **D.  Statute of Limitations Bar**

17       In the interests of judicial economy, the court does not address respondents' timeliness

18  argument with respect to the ineffective assistance of trial counsel claims which the undersigned

19  has already concluded are procedurally defaulted.  Therefore, respondents' statute of limitations

20  argument is limited to the prosecutorial misconduct claims based on: 1) misstating the law on

21  unanimity (ECF No. 37 at 43 ¶ 119); 2) introducing evidence of the wrong type of peer-to-peer

22  network (ECF No. 37 at 44 ¶ 121); 3) "interrogation for the sole purpose of making inferences

23  without evidence" (ECF No. 37 at 54-55 ¶ 136); 4) asking petitioner whether he had a motive to

24

25  [3]  Petitioner filed his second state habeas corpus petition in the California Supreme Court on April
3, 2023, three days after this court granted his motion for a stay and abeyance.  See ECF No. 26.

26  This court emphasizes that its order cannot be construed as granting petitioner permission to file
his second state habeas petition in the California Supreme Court.  The court's order merely

27  paused these federal habeas proceedings until his state court remedies were exhausted.  Petitioner
could have filed a second state habeas petition any time prior to his discharge from supervised

28  release on October 15, 2021, absent a ruling from this court on his pending motion for a stay.

1   lie (ECF No. 37 at 56 ¶ 138); and, 5) asking questions invading spousal privilege (ECF No. 37 at

2   63 ¶ 157).

3           In the motion to dismiss, respondents acknowledge that petitioner's original, first, and

4   second amended § 2254 petitions were timely filed in this court.  ECF No. 39 at 16.  The

5   operative third amended § 2254 petition, filed on April 8, 2024, was filed almost **one year and**

6   **five months late**.[4]  Petitioner does not contest respondents' timeliness calculation, but instead

7   asserts that his claims relate back to the timely filed second amended petition and, thus, should

8   not be dismissed as untimely.  ECF No. 40 at 20-24.  The court addresses this argument with

9   respect to each individual subclaim of prosecutorial misconduct.

10                  **1.  Prosecutorial misconduct for misstating the law on unanimity**

11          With respect to this claim, petitioner asserts that it relates back to the IAC claim for failing

12  to request a unanimity instruction that was presented in the timely filed second amended petition

13  ("SAP").  As part of an IAC claim in the SAP, petitioner asserted that "the prosecutor absolved

14  the jury of the need to unanimously agree upon which specific event—out of the five options

15  presented by the People—was a criminal act in violation of the statute charged."  ECF No. 25 at

16  29.  Respondents counter that "the IAC claim and misconduct claim challenge different

17  comments by the prosecutor, and so do not concern the same underlying facts."  ECF No. 44 at

18  19.

19          The court finds that this prosecutorial misconduct subclaim relates back to the common

20  core of facts referenced in the SAP by providing the transcript citation to the prosecutor's closing

21  argument.  The third amended petition provides a more tailored pinpoint citation to the closing

22  argument, but there can be no doubt that this prosecutorial misconduct subclaim is based on the

23  same transaction or occurrence to relate back to the timely filed SAP.  The core facts supporting

24  the prosecutorial misconduct subclaim are the exact same type of facts of the IAC claim in the

25  _____

26  [4]  According to respondents, the statute of limitations commenced on November 17, 2021 and
    expired one year later on November 16, 2022.  The filing of petitioner's second state habeas

27  petition in the California Supreme Court on April 3, 2023 did not toll the statute of limitations
    because it had already expired by that point.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th

28  Cir. 2003).

                                            14

1    SAC.  See Schneider v. McDaniel, 674 F.3d 1144, 1151 (2012).  For this reason, the undersigned

2    recommends denying the motion to dismiss this subclaim.

3              **2.  Prosecutorial misconduct for introducing evidence of the wrong network**

4              Here, petitioner asserts that the common core of operative facts were timely raised in the

5    SAP based on an IAC claim for not investigating "key technical questions that arose after

6    observing how the People presented their case in the first trial."  ECF No. 25 at 14.

7              With respect to this subclaim, the court finds that it does not relate back because the

8    operative facts in the SAP referenced "how the People presented their case *in the first trial*.

9    Specifically, it appeared that the People had presented testimony about the incorrect type of peer-

10   to-peer network…."  ECF No. 25 at 14:7-8 (emphasis added).  Since the prosecutorial misconduct

11   subclaim concerns petitioner's *second trial*, the undersigned finds that it does not involve a

12   common core of operative facts or involve the same transaction or occurrence to relate back to the

13   timely filed IAC claim in the SAP.  Thus, this claim should be dismissed with prejudice as

14   untimely.

15             **3.  Prosecutorial misconduct for questioning to solely make inferences**

16             Petitioner contends that the common core of facts about whether other law enforcement

17   witnesses sat in their patrol car for hours while not logged onto the MDC and not using the radio

18   was included in the timely filed second amended petition.  According to respondents, "[t]hese

19   claims concern different facts, even if related to the same issue."  ECF No. 44 at 20.

20             The court concludes that this prosecutorial misconduct subclaim does not relate back

21   because the only facts petitioner points to in the SAP are the prosecutor's closing argument.

22   However, this subclaim challenges the prosecutor's examination of various law enforcement

23   witnesses that occurred long before closing argument.  The core facts differ so drastically in time

24   that the undersigned cannot conclude that they involve the same transaction or occurrence to

25   relate back to the SAP.  Accordingly, this prosecutorial misconduct subclaim should be dismissed

26   as untimely filed.

27             **4.  Prosecutorial misconduct for asking petitioner if he had a motive to lie**

28             The only operative facts in the timely SAP that petitioner points to in order to suggest that

15

1    this claim relates back are portions that argue that the prosecutor expressed personal opinions or

2    asked petitioner whether the prosecution's witnesses had a motive to lie.  Respondents argue that

3    these "claims involve separate facts and witnesses (in part), and do not relate back."  ECF No. 44

4    at 20.

5         This prosecutorial misconduct subclaim relates to the cross-examination of petitioner by

6    specifically asking him if he had a motive to lie.  The facts in the SAP that petitioner points to for

7    relation back purposes concern the prosecutor's cross examination of petitioner about the

8    remaining 17 other witnesses' motives to lie.  ECF No. 25 at 48.  In this respect, the core facts

9    underlying the new subclaim are different in type and time from the core facts presented in the

10   SAP.  For this reason, the court concludes that this subclaim should be dismissed as untimely.

11            **5.  Prosecutorial misconduct for invading spousal privilege**

12        According to petitioner, this claim relates back to an IAC claim in the timely filed SAP.

13   ECF No. 25 at 32:8-18.  Respondents counter that these two claims largely involve separate facts.

14        The transcript citations supporting this subclaim of prosecutorial misconduct involve

15   swaths of the prosecutor's cross-examination of petitioner.  See ECF No. 37 at 63:12-14.

16   However, the asserted common core of facts cited in the SAP relate to a bench conference outside

17   the presence of the jury where defense counsel raised the issue of marital privilege.  ECF No. 16-

18   20 at 880-883 (Reporter's Transcript).  Here, the prosecutorial misconduct subclaim relies on

19   entirely new facts that were not included in the SAP.  Based on this analysis, respondents' motion

20   to dismiss this subclaim should be granted because it does not relate back to the timely filed SAP.

21            **E.  Miscarriage of Justice Exception**

22        To excuse his procedural default as well as his untimely claims, petitioner contends that

23   not reviewing his claims on the merits would result in a fundamental miscarriage of justice.

24   However, petitioner's argument equates to an assertion of cumulative trial errors.  "Lund was

25   convicted in a trial that simultaneously involved faulty jury instructions, a shifted burden of

26   proof, a biased judge, pervasive prosecutorial misconduct, presentation of false evidence,

27   suppression of exculpatory evidence, perjury by the government's law enforcement witnesses,

28   denial of confrontation, and ineffective assistance of trial counsel."  ECF No. 40 at 18.  Multiple

trial errors do not rise to the level of a fundamental miscarriage of justice as that exception has been delineated by the Supreme Court.  It is reserved for the category of cases where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995); Carrier, 477 U.S. at 496.  Petitioner's assertions of cumulative legal error are insufficient to meet this standard of factual innocence.  See Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004) (emphasizing that "the fundamental miscarriage of justice exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime and petitioner supplements his constitutional claim with a colorable showing of factual innocence, which [petitioner] has not done.").

## VI.    Summary of Findings and Recommendations

For clarity sake, based on the above findings, the undersigned is recommending dismissal of the following claims in the third amended § 2254 petition: the IAC of trial counsel claims (ECF No. 37 at 16-42); pervasive prosecutorial misconduct claims (ECF No. 37 at 44 ¶ 121, 54-55 ¶ 136, 56 ¶ 138, 57 ¶ 140(a), 63 ¶157); IAC of appellate counsel claims (ECF No. 37 at 64-65); the due process claims based on the presentation of false evidence (ECF No. 37 at 65-69); and, the cumulative error claims only to the extent that they incorporate these claims for relief.

Accordingly, IT IS HEREBY ORDERED that petitioner's requests for judicial notice (ECF Nos. 38, 41) are denied for the reasons indicated herein.

IT IS FURTHER RECOMMENDED that:

1.  Respondents' partial motion to dismiss (ECF No. 39) be granted in part and denied in part, as indicated herein.

2.  All of the ineffective assistance of trial counsel claims (ECF No. 37 at 15-42); the ineffective assistance of appellate counsel claim (ECF No. 37 at 64-65); the due process claims based on the presentation of false evidence (ECF No. 37 at 65-69); and, the cumulative error claims to the extent that they are based on these claims (ECF No. 37 at 70) be dismissed with prejudice as procedurally defaulted.

3.  The prosecutorial misconduct subclaim based on the prosecutor's alleged testimony during her questioning of Officer Duplissey (ECF No. 37 at 57 ¶ 140(a)) be dismissed as

procedurally defaulted based on California's contemporaneous objection rule.

4.  The prosecutorial misconduct subclaims based on:  1) introducing evidence of the wrong network; 2) questioning solely to make inferences; 3) asking petitioner if he had a motive to lie; and, 4) invading spousal privilege be dismissed as untimely filed.

5.  The prosecutorial misconduct claim based on misstating the law on unanimity be deemed timely filed based on the relation back doctrine and that this portion of respondents' motion to dismiss be denied.

6.  This matter be referred back to the magistrate judge for consideration of the remaining claims in the third amended § 2254 petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within twenty one days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE