UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CURTIS LUND, | No. 2:21-cv-01831-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| IZEN LOCATELLI, et al., | |
| Respondents. | |

Petitioner, proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Presently pending is Respondents' partial Motion to Dismiss the Third Amended Petition.  (ECF No. 39.)  On March 20, 2025, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty-one days.  Petitioner filed Objections to the Findings and Recommendations as well as a Request for Judicial Notice.  (ECF Nos. 47–48.)  Respondents submitted a Response to Petitioner's Objections and an Opposition to the Request for Judicial Notice.  (ECF Nos. 50, 52.)  Petitioner filed a Reply to Respondent's Opposition to the Request for Judicial Notice.

1

(ECF No. 51.) Petitioner separately filed Objections to the Magistrate Judge's Order denying one of Petitioner's prior requests for judicial notice to which Respondents have also responded. (ECF Nos. 46, 49.)

## I. New Request for Judicial Notice

Petitioner requests that the Court take judicial notice of excerpts of the transcripts of his testimony in a civil rights trial, which describes prison official's confiscation of his legal mail. (ECF No. 48.) Petitioner relies on this new evidence in support of his argument that the procedural default of any claims in his Third Amended Petition should be excused. The Court denies Petitioner's request for judicial notice because this new evidence was submitted for the first time in his objections to the Magistrate Judge's findings and recommendations. Petitioner's newly proffered basis to excuse his procedural default could have been raised earlier by submitting his own sworn declaration, especially since he has known of these facts since 2020 and because he is represented by counsel in these proceedings. As such, this court exercises its discretion and declines to consider it. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (stating that a district court is not required to consider new evidence presented in objections to a magistrate judge's recommendation).

## II. Findings and Recommendations on Respondents' Motion to Dismiss

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case and the Magistrate Judge's Findings and Recommendations on Respondents' Motion to Dismiss. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Throughout his Objections, Petitioner repeatedly raises that "the Magistrate Judge failed to address Lund's legal arguments" and lists "arguments" that the Findings and Recommendations allegedly did not address. (*See* ECF No. 47 at 1, 3–6.) That the Magistrate Judge did not expressly list and reject every single argument

and sub-argument raised by Petitioner does not render the Findings and Recommendations improper or inadequate. The Magistrate Judge was under no obligation to address in writing every argument made by Petitioner in his Opposition. *See United States v. Howe*, No. 2:19-cv-00421-DCN, 2021 WL 276696, at *3 (D. Idaho Jan. 26, 2021). As is readily apparent from the Findings and Recommendations, the Magistrate Judge reviewed and considered all of the arguments raised by Petitioner. Whether explicitly or implicitly, the Findings and Recommendations are clear as to the Magistrate Judge's ruling on each of Plaintiff's arguments and the basis for the Magistrate Judge's ultimate recommendations.

The Court is also unpersuaded by Petitioner's claims that the Magistrate Judge misapplied the law. The Magistrate Judge's determination that the "*Villa* Bar" was a state procedural bar that was independent of federal law and adequate to bar habeas review on the merits was soundly reasoned. The *Villa* Bar is both independent and adequate. *See Lee v. Harris*, 226 F. Supp. 3d 992, 996–98 (N.D. Cal. 2016). Contrary to Petitioner's assertion to the contrary, the Magistrate Judge was not required to presume the state court's denial was based in part upon federal grounds, as the state court made clear that it was resting its decision on independent and adequate state grounds. *See Bennet v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

The Findings and Recommendations are also correct in their application of the Statute of Limitations Bar. Contrary to Petitioner's arguments, the Magistrate Judge did not err in finding that the prosecutorial misconduct claims for introducing evidence of the wrong network, questioning to solely make inferences, asking petitioner if he had a motive to lie, and invading spousal privilege, did not relate back to prior, timely petitions. Each of these claims in the Third Amended Petition involves different underlying facts from claims asserted in prior petitions.

The Magistrate Judge's determination as to cause and prejudice analysis for application is also accurate; Petitioner failed to establish cause for his defaults. In his Objections, Petitioner seeks to present new arguments for cause and prejudice to

overcome the imposed procedural bars. (ECF No. 47 at 13-25.) Petitioner had ample opportunity to address these arguments before the Magistrate Judge. Petitioner is also represented by counsel and has not presented good cause why these arguments are only now raised in his Objections. On these facts, the Court will exercise its discretion and decline to consider these new arguments. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

Finally, the Magistrate Judge did not misapply the law in determining that Petitioner had not met his burden to establish actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner's argument that denying review would be a miscarriage of justice relied on the alleged cumulative effect of the errors alleged. (ECF No. 37 ¶ 186; ECF No. 40 at 14-15; ECF No. 47 at 6-7.) To fall within the limited exception for a fundamental miscarriage of justice, Petitioner must show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). The cumulative effect of legal errors suggested by Petitioner does not meet this burden. As noted by the Magistrate Judge, Petitioner has not "supplement[ed] his constitutional claim with a colorable showing of factual innocence," as is necessary to fall within this limited exception. *Casey v. Moore*, 386 F.3d 896, 921 n. 27 (9th Cir. 2004) (also quoting *Herrera v. Collins,* 506 U.S. 390, 404 (1993) as stating that "[t]he fundamental miscarriage of justice exception is available only where the prisoner <u>supplements</u> his constitutional claim with a colorable showing of factual innocence." (emphasis in original)).

**III. Objections to Order on Petitioner's First Request for Judicial Notice**

Petitioner has also filed a document entitled "Petitioner's Objections to Magistrate Judge's Order Denying Petitioner's Request for Judicial Notice." (ECF No. 46.) Therein, Petitioner objects to the Magistrate Judge's denial of Petitioner's Request for Judicial Notice filed April 8, 2024. As an order on a non-dispositive

motion, the Court reviews the order to determine if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).

The Magistrate Judge's ruling on Petitioner's Request for Judicial Notice was not clearly erroneous or contrary to law. In his Objections, Petitioner contends that the materials in question may be considered as they were "relevant to the claims not reached on the merits by the state." (ECF No. 46.) Petitioner may be correct that *Cullen v. Pinholster*, 563 U.S. 170 (2011), theoretically allows consideration of new evidence provided the state court did not adjudicate the claim on the merits and the requirements of 28 U.S.C. § 2254(e) are satisfied. *See Gonzalez v. Wong*, 667 F.3d 965, 979 (9th Cir. 2011) (discussing the fact that the *Pinholster* court discussed but did not decide where to draw the line between "new claims" and those adjudicated on the merits); *see also Pinholster*, 563 U.S. at 187 n.10. But that argument is ultimately irrelevant here; the Court has determined that procedural bars apply to prevent the Court from addressing claims that were not reached on the merits by the state court.[1] Accordingly, Petitioner's Objections to the Magistrate Judge's Order are overruled and the Order is affirmed.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Request for Judicial Notice (ECF No. 48) is DENIED.
2. The Findings and Recommendations (ECF No. 45) are ADOPTED IN FULL.
3. Respondents' Partial Motion to Dismiss (ECF No. 39) is GRANTED IN PART AND DENIED IN PART as follows:
    a. All of the ineffective assistance of trial counsel claims (ECF No. 37 at 15–42); the ineffective assistance of appellate counsel claim (ECF No. 37 at 64–65); the due process claims based on the presentation of false

---

[1] The Court need not decide whether evidence outside the record is appropriately considered in the cause and prejudice analysis for "new claims" not addressed on the merits by the state court. A review of the materials for which Petitioner requests judicial notice show that they would not alter the Magistrate Judge's determination that Petitioner had not established cause to excuse the defaults.

        evidence (ECF No. 37 at 65-69); and, the cumulative error claims to the extent that they are based on these claims (ECF No. 37 at 70) are dismissed with prejudice as procedurally defaulted.

    b. The prosecutorial misconduct subclaim based on the prosecutor's alleged testimony during her questioning of Officer Duplissey (ECF No. 37 at 57 ¶ 140(a)) is dismissed as procedurally defaulted based on California's contemporaneous objection rule.

    c. The prosecutorial misconduct subclaims based on: 1) introducing evidence of the wrong network; 2) questioning solely to make inferences; 3) asking Petitioner if he had a motive to lie; and, 4) invading spousal privilege are dismissed as untimely filed.

    d. The prosecutorial misconduct claim based on misstating the law on unanimity is deemed timely filed based on the relation back doctrine, and this portion of Respondents' Motion to Dismiss is denied.

4. The Magistrate Judge's Order filed March 20, 2025, denying Petitioner's first Request for Judicial Notice (ECF No. 46) is AFFIRMED.

5. This matter is referred back to the Magistrate Judge for consideration of the remaining claims in the third amended petition.

IT IS SO ORDERED.

Dated: **September 24, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE