UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CURTIS LUND,

Petitioner,

v.

IZEN LOCATELLI, et al.,

Respondents.

No. 2:21-cv-1831-DJC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. On October 20, 2025, petitioner filed a motion for entry of partial final judgment along with a motion for a certificate of appealability. ECF Nos. 55-56. The motions have been fully briefed by the parties. ECF Nos. 57-59. For the reasons explained in further detail below, the undersigned recommends denying the motions.

## I. Factual and Procedural History

The undersigned issued Findings and Recommendations on March 20, 2025 to grant respondent's motion to dismiss with respect to all of petitioner's ineffective assistance of trial counsel claims, the ineffective assistance of appellate counsel claim, the due process claims based on the presentation of false evidence, and the cumulative error claim based on these issues because they were procedurally defaulted. ECF No. 45 at 11. The undersigned also recommended that the prosecutorial misconduct subclaim based on the prosecutor's alleged

testimony during her questioning of Officer Duplissey be dismissed as procedurally defaulted based on California's contemporaneous objection rule. Id. In finding these claims procedurally defaulted, the undersigned concluded that the fundamental miscarriage of justice exception did not excuse this default. ECF No. 45 at 16-17. These Findings and Recommendations were adopted in full by the District Judge on September 25, 2025. ECF No. 53 at 5.

On October 20, 2025, Petitioner filed a motion for entry of partial final judgment for claims two (IAC of trial counsel), four (IAC of appellate counsel), and five (due process claim based on false evidence) which were dismissed as procedurally defaulted. ECF No. 55. Petitioner's requests the court to enter partial final judgment on the dismissed claims and issue a Certificate of Appealability. Id. at 4. Petitioner asserts that partial final judgment is warranted because the dismissal order is final with respect to the procedurally defaulted and untimely claims, which are distinct from the remaining live claims, and there is no just reason for delay. Id. at 6-12. Petitioner does not move for entry of partial final judgment on the cumulative constitutional error or the prosecutorial misconduct claims, as those issues are intertwined with one of the remaining live claims. ECF No. 55-1 at 4.

Respondents filed their opposition (ECF No. 57) on October 31, 2025, arguing that there is no just reason for partial judgment for petitioner's dismissed claims. Respondents point out that courts have apparently never entered partial judgment in a capital or non-capital habeas petition for claims that were denied or dismissed. ECF No. 57 at 3. "[A]llowing petitioner to parse out his three dismissed claims for immediate appeal will create the duplicative and piecemeal litigation that 'historic federal policy' militates against." ECF No. 57 at 5 (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)). Moreover, respondents point out that petitioner's dismissed claims are not entirely distinct from his remaining claims. ECF No. 57 at 6. Petitioner's claim of prejudice to overcome the procedural default of claim five is based on his actual innocence, which requires a review of the entire trial court record. As a result, granting partial judgment would create multiple successive appeals that would not expedite the resolution of this case. Id. at 5-6.

////

On November 9th, 2025, Petitioner filed his reply, asserting that partial final judgment is not categorically prohibited in habeas cases. ECF No. 59. According to petitioner, the issue of procedural default "is legally and factually distinct from [p]etitioner's remaining live merits issues." ECF No. 59 at 11.

## II. Legal Standards

Federal Rule of Civil Procedure Rule 54(b) provides that "[w]hen an action presents more than one claim for relief…, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." This rule is designed to strike a balance between the undesirability of piecemeal appeals and the need for immediate review in certain cases. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

Under Curtiss-Wright, a court must first determine that it has rendered a "final judgment," meaning an ultimate disposition of an individual claim in the case. Id. at 7-8. Once finality is established, the court must then determine whether there is "no just reason for delay" in entering judgment on that claim. Id. at 8. This determination is left to the "sound judicial discretion" of the court, to be exercised "in the interest of sound judicial administration." Id. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). Factors relevant to the Rule 54(b) inquiry include whether the adjudicated claims are separable from the remaining claims, and whether appellate review of the adjudicated claims might be mooted or duplicated by later developments in the district court. Curtiss-Wright, 446 U.S. at 8-10; Wood v. GCC Bend, LLC, 422 F.3d 873, 878 n. 2-3. (9th Cir. 2005).

The Ninth Circuit has instructed that the important Rule 54(b) question in habeas cases is whether a judgment resolves "all of the alleged constitutional infirmities arising from the relevant set of operative facts relative to conviction." Blazak v. Ricketts, 971 F.2d 1408, 1413 (9th Cir. 1992) (per curiam). "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991) (quoting Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir. 1987). Judgment under Rule 54(b) is improper where the adjudicated and pending claims are intertwined and stem from the same basic transaction.

See Romoland School Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 749 (9th Cir. 2008). The Ninth Circuit has further emphasized that Rule 54(b) certification should be reserved for "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

**III. Analysis**

Petitioner's ineffective assistance of trial counsel claim, ineffective assistance of appellate counsel claim, due process claim based on the presentation of false evidence, and the cumulative error claim (to the extent it is based on the aforementioned claims) were dismissed with prejudice as procedurally defaulted. ECF No. 53 at 5-6. The dismissal of the defaulted claims represents a final decision on those claims for relief, satisfying the first Curtiss-Wright requirement of finality. See Curtiss-Wright, 446 U.S. at 7-8 (explaining that "judgment" is "final" when it is an ultimate disposition of an individual claim in a multiple-claims action); Stanley v. Cullen, 633 F.3d 852, 865-67 (9th Cir. 2011) (affirming entry of Rule 54(b) judgment after certain habeas claims were adjudicated finding it was a sound exercise of discretion by the district court to certify partial judgment on those claims).

In determining whether partial final judgment is appropriate, the court must also find that there is "no just reason for delay." Curtiss-Wright, 446 U.S. at 8. This determination requires the court to balance the judicial administrative interests in avoiding piecemeal appeals against the equities of the case. Id. at 8-10; Morrison-Knudsen, 655 F.2d at 965 (9th Cir. 1981). The Ninth Circuit has cautioned that Rule 54(b) certification should be granted only in "unusual cases" where pressing needs for immediate review outweigh the costs and risks of multiple proceedings. Id. The undersigned finds that no such circumstances exist in the present case to warrant a partial final judgment. The dismissed claims are intertwined with the remaining claims both factually and legally. Petitioner's argument to excuse the default of these claims is based on his assertion that there were cumulative trial errors that resulted in a fundamental miscarriage of justice. Petitioner argues that he "was convicted in a trial that simultaneously involved faulty jury

instructions, a shifted burden of proof, a biased judge, pervasive prosecutorial misconduct, presentation of false evidence, suppression of exculpatory evidence, perjury by the government's law enforcement witnesses, denial of confrontation, and ineffective assistance of trial counsel." ECF No. 40 at 18. With this understanding of petitioner's claims, there is no way to separate out the procedurally defaulted claims from the remaining pending claims. Petitioner's theory of the case requires one final judgment with one corresponding appeal that will allow the Ninth Circuit to review the case in its totality, rather than on a piecemeal basis. In such instances, the Ninth Circuit has held that entry of a separate judgment pursuant to Rule 54(b) is not proper. Morrison-Knudsen, 655 F.2d at 965. The risk of duplicative review and inconsistent results therefore weigh strongly against partial judgment in this case. See Wood, 442 F.3d at 878 n. 2 (explaining that Rule 54(b) certification is generally inappropriate where the adjudicated and remaining claims are "logically related" or arise from the same set of facts). Moreover, as Wood further cautioned, a similarity of factual issues weighs heavily against entry of judgement, and in such cases partial adjudication should await final resolution of the entire case. Wood, 442 F.3d at 878 n. 3. While the dismissal of the aforementioned claims constitutes a final adjudication of those claims, there is just reason for delay in entering judgment at this stage. Judicial efficiency is best served by resolving the remaining claims, and entering a single, final judgment that can be reviewed in a single appeal. See Morrison-Knudsen, 655 F.2d at 965. For all these reasons, the undersigned recommends denying petitioner's motion for entry of partial final judgment. In light of this analysis, petitioner's motion for a certificate of appealability should be denied as moot.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's motion for entry of partial final judgment (ECF No. 55) be denied.
2. Petitioner's motion for a certificate of appealability (ECF No. 56) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within twenty one days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE